# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOSEPH R. AUCOIN and VELERA A. AUCOIN, <br><br> Plaintiffs, <br><br> v. <br><br> OPEN DOOR PROPERTY TRUST I, and OPENDOOR LABS INC., <br><br> Defendants. | Civil Action File Number: <br> 1:24-cv-04238-MLB |

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, Opendoor Property Trust I ("Opendoor Property Trust") and Opendoor Labs Inc. ("Opendoor Labs") (collectively referred to as "Defendants"), by and through undersigned counsel, and hereby file their Answer to the Complaint filed by Joseph R. Aucoin and Velera A. Aucoin ("Plaintiffs"), showing the Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to amend their defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## THIRD AFFIRMATIVE DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiffs to exercise ordinary care, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, <u>res judicata</u>, statute of limitations, sudden emergency, and waiver.

## FOURTH AFFIRMATIVE DEFENSE

No action or omission on the part of Defendants proximately caused or contributed to the damages sought by Plaintiffs; therefore, Plaintiffs have no right of recovery against Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred due to their own defaults and breaches of the contract between the parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to comply with common law and/or statutory conditions precedent to bringing its claim and/or conditions precedent contained in the contract between the parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the express terms of the contract between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have properly executed and satisfied each and every obligation imposed upon them, including all conditions precedent.

## NINTH AFFIRMATIVE DEFENSE

Defendants did not breach any contractual obligations and/or other duties owed to Plaintiffs, nor are Defendants liable to Plaintiffs for violation of any code, statute, section of law, and/or any doctrine or theory of liability and, as a result, Defendants are not indebted or liable to Plaintiffs in any manner or amount.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages, violates Defendants' right to protection from excessive fines as provided in the Eighth Amendment of the Constitution of the United States and violates

Defendants' right to the substantive due process as provided in the Fifth Amendment and Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action supporting punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

All claims for punitive damages in the Plaintiffs' Complaint violate the Constitution of the State of Georgia and due process clause of the Fourteenth Amendment of the United States Constitution, because Georgia law does not restrict an award of punitive damages to a reasonable relationship for the actual harm nor does it have any type of objective criteria for awarding punitive damages; it does not require that punitive damages bear relationship to any compensatory damages allowed; it allows punitive damages to be awarded based on nominal damages only; and it allows punitive damages to be awarded under an evidentiary standard which is less than beyond a reasonable doubt.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claim for punitive damages violates the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2000).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred as a matter of law because

4

Defendants did not act in bad faith in the underlying transaction giving rise to this suit.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and/or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserve the right to amend their Answer to assert such other affirmative defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As its Seventeenth Affirmative Defense, Defendants respond to the allegations in Plaintiffs' Complaint, as follows:

1.

Defendants do not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and can neither admit nor deny said allegations.

2.

In response to the allegations contained in Paragraph 2 of Plaintiffs' Complaint, Defendants admit that Opendoor Property Trust I is a foreign corporation that is not registered to do business in Georgia. Defendants deny any and all remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

In response to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, Defendants admit that Opendoor Labs is a Delaware corporation registered to do business in Georgia. Defendants deny any and all remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

## **COUNT I – FRAUD**

5.

Defendants reallege and incorporate their responses in Paragraphs 1 through 4 above, as if fully stated herein.

6.

Defendants admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

In response to the allegations set forth in Paragraph 7 of Plaintiffs' Complaint, Defendants admit that it completed the Seller's Property Disclosure Statement as part of the Purchase and Sale Agreement. Defendants deny any and all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants do not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiffs' Complaint and can neither admit nor deny said allegations.

12.

Defendants do not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and can neither admit nor deny said allegations. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants do not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and can neither admit nor deny said allegations. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 13 of Plaintiffs' Complaint.

14.

In response to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendants state that the referenced document speaks for itself. To the extent the allegations contained in Paragraph 14 of Plaintiffs' Complaint are contrary to the referenced documents, said allegations are denied. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 14 of Plaintiffs' Complaint.

15.

In response to the allegations contained in the first grammatical sentence of Paragraph 15 of Plaintiffs' Complaint, Defendants state that the referenced document speaks for itself. To the extent the allegations contained in the first grammatical sentence of Paragraph 15 of Plaintiffs' Complaint are contrary to the referenced documents, said allegations are denied. Defendants deny the allegations

contained in the second grammatical sentence of Paragraph 15 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendants do not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and can neither admit nor deny said allegations. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendants do not possess sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and can neither admit nor deny said allegations. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 20 of Plaintiffs' Complaint.

## **COUNT II – BREACH OF CONTRACT**

21.

Defendants reallege and incorporate their responses in Paragraphs 1 through 20 above, as if fully stated herein.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint and specifically deny that any fraud or breach of contract has been committed. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 24 of Plaintiffs' Complaint.

**COUNT III – PUNITIVE DAMAGES**

25.

Defendants reallege and incorporate their responses in Paragraphs 1 through 24 above, as if fully stated herein.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 26 of Plaintiffs' Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 27 of Plaintiffs' Complaint.

## COUNT IV – ATTORNEY'S FEES

28.

Defendants reallege and incorporate their responses in Paragraphs 1 through 27 above, as if fully stated herein.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint. Defendants deny any and all inferences and allegations of wrongdoing contained in Paragraph 30 of Plaintiffs' Complaint.

In response to the allegations contained in the unnumbered paragraph following Paragraph 30, which begins with the word WHEREFORE, including

subparagraphs (1) through (8), Defendants deny that Plaintiffs are entitled to any relief or recovery from them whatsoever.

Any allegations in Plaintiffs' Complaint not expressly admitted herein, are hereby denied.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendants pray as follows:

    (a)    That Plaintiffs' action be dismissed with prejudice;

    (b)    That Defendants recover their fees, costs, and attorneys' fees incurred in the defense of this action;

    (c)    That Defendants have a trial by jury on all issues so triable; and

    (d)    For such further and other relief as this Court deems just and proper.

[*SIGNATURES ON FOLLOWING PAGE*]

DATED: September 27, 2024.

          **FREEMAN MATHIS & GARY, LLP**

          */s/ George B. Green, Jr.*
          _____
          George B. Green, Jr.
          Georgia Bar No.: 665716

          *Attorney for Defendants, Opendoor*
          *Property Trust I, and Opendoor Labs Inc.*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
george.green@fmglaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served via the CM/ECF System and/or email, to counsel of record as follows:

Joseph R. Aucoin
Velera A. Aucoin
2940 Winchester Drive
Cumming, Georgia 30041

*Plaintiffs*

This 27th day of September, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ George B. Green, Jr.*
_____
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorney for Defendants, Opendoor Property Trust I, and Opendoor Labs Inc.*